UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICKI L LOBODOCKY FOR HERSELF, VICKI L LOBODOCKY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALEXANDER JOHN LOBODOCKY, DECEASED, <br><br> Plaintiffs, <br><br> v. <br><br> MEDXCEL FACILITIES MANAGEMENT, LLC, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ASCENSION HEALTH ALLIANCE D/B/A ASCENSION, <br><br> Defendants. | No. 1:23-cv-00767-JPH-MG |

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiff Vicki Lobodocky filed two duplicate lawsuits, one in this district and one in the Eastern District of Missouri, alleging that she had been wrongfully denied life insurance proceeds following her husband's death. Defendants Medxcel (Mr. Lobodocky's former employer), Prudential Insurance (the insurer and joint plan administrator), and Ascension Health Alliance (the sponsor and joint plan administrator) filed a motion to dismiss for improper venue. Later, they filed a motion in the alternative to transfer venue to the Eastern District of Missouri. For the reasons that follow, Defendants' motion to transfer venue is **granted**, dkt. [36], and the motion to dismiss for improper venue is **denied**, dkt. [23].

1

# I.
# Facts and Background

On a Rule 12(b)(3) motion, "reasonable inferences from the facts should be construed in the Plaintiff's favor." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014).

Ms. Lobodocky filed two duplicate lawsuits on May 5, 2023, one in this district and the other in the Eastern District of Missouri ("Missouri Action"). Dkt. 32 at 2. She alleges that Defendants have wrongfully refused to approve and pay her husband's life insurance proceeds. Dkt. 1 at 2. Ms. Lobodocky seeks to enforce her rights under the Employment and Retirement Income Security Act (ERISA), and in the alternative, she brings state law claims of negligence, fraud, tortious interference, breach of contract, and promissory estoppel. *See id.*

The Ascension Plan includes a "Choice of Law; Venue" provision:

> **Choice of Law; Venue**
> This Plan shall be construed and enforced according to the Employee Retirement Income Security Act of 1974 ("ERISA") and the laws of the State of Missouri to the extent not preempted by ERISA. Except as the laws of the United States may otherwise require, any action by any party relating to or arising under this Plan shall be brought and resolved only in the United States District Court for the Eastern District of Missouri and in any courts in which appeals from such court are heard, and such court shall have personal jurisdiction over any Participant or beneficiary named in such action.

Dkt. 1-1 at 11.

Medxcel, Mr. Lobodocky's employer before his death, is an Indiana corporation with its principal place of business in Indiana, and Ascension and Prudential both do business in Indiana. Dkt. 1 at 3, 6. Medxcel provided

2

employees life insurance through the Ascension Life Insurance Plan. *Id.* at 6. Prudential is a "joint administrator" of the Plan with Ascension. *Id.* at 7.

Medxcel and Ascension filed—and Prudential joined—a motion to dismiss the complaint for improper venue based on the policy's forum-selection clause. Dkt. 23; dkt. 24; *see* Fed. R. Civ. P. 12(b)(3). Ms. Lobodocky responded, arguing that a Rule 12(b)(3) motion is an improper vehicle for enforcing a forum-selection clause. Dkt. 32 at 1. Defendants then replied, dkt. 35, and also filed a motion to transfer the case pursuant to the forum-selection clause and 28 U.S.C. § 1404(a), dkt. 36.

## II.
## Legal Standard

Rule 12(b)(3) allows a defendant to raise the defense of "improper venue" before filing an answer. Fed. R. Civ. P. 12(b)(3). In evaluating such a motion, "reasonable inferences from the facts should be construed in the Plaintiff's favor," *Jackson*, 764 F.3d at 773, and the Court "may look beyond the mere allegations of a complaint," *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016).

## III.
## Analysis

### A. 12(b)(3) Motion to dismiss

Defendants argue this lawsuit should be dismissed under Rule 12(b)(3) because it is duplicative of the Missouri Action and subject to a binding forum-selection clause in the Ascension Plan. Dkt. 24 at 1–2. Ms. Lobodocky responds that the forum-selection clause cannot be enforced through a Rule

3

12(b)(3) motion and instead is enforced, if at all, through a motion to transfer venue under 28 U.S.C. § 1404(a). Dkt. 32 at 11–12 (citing *Atlantic Marine Construction, Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55 –56, 60, 62 (2013)).

In *Atlantic Marine,* the Supreme Court clarified that a dismissal under Rule 12(b)(3) is only appropriate when venue is "wrong" or "improper." 571 U.S. at 55. That determination hinges on whether "the court in which the case was brought satisfies the requirements of federal venue laws," namely 28 U.S.C. § 1391(b). *Id.* Section 1391(b) offers three ways to establish proper venue in a federal court, one of which is relevant here: "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b).

Here, Defendants have waived any argument that this Court lacks personal jurisdiction over them. Dkt. 32 at 5, 11–12; Fed. R. Civ. P. 12(h) ("A party waives any defense listed in Rule 12(b)(2)–(5) by . . . failing to . . . make it by motion under this rule" or by failing to join it with another motion filed under Rule 12). For venue purposes, Medxcel is a resident of the Southern District of Indiana. *See* 28 U.S.C. § 1391(c)(2) (defining residency). Because Defendants have not shown that venue in the Southern District of Indiana is wrong or improper, *Atlantic Marine,* 571 U.S. at 55, their motion to dismiss under Rule 12(b)(3), dkt. 23, is **denied**. *See Honest Abe Roofing,* 2023 WL

4

8452415, at *1 ("Even if venue is proper, a case can be transferred under 28 U.S.C. § 1404.").[1]

### B. Motion to Transfer Venue

Defendants argue that this case should be transferred to the Eastern District of Missouri under 28 U.S.C. § 1404(a) because of the Plan's forum-selection clause. Dkt. 36. Ms. Lobodocky responds that the forum-selection clause does not apply unless Medxcel was acting as a "Plan fiduciary" under ERISA, so this case should not be transferred until that "threshold matter" is decided. Dkt. 38 at 2; dkt. 32 at 13–29.[2]

Under 28 U.S.C. § 1404(a), a federal district court can transfer any civil action to another district when it is convenient for parties and witnesses, in the interest of justice, and if venue is proper in both courts. *See In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 707–08 (7th Cir. 2020) (quoting *Atlantic Marine*, 571 U.S. at 62). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Atlantic Marine*, 571 U.S. at 63. Then, the clause should be "given controlling weight in all but the most exceptional cases." *Id.*

---

[1] Defendants also argue this action should be dismissed under the Court's "inherent authority to manage its docket," since it is "improperly duplicative" and "continued litigation in this Court wastes judicial resources and risks inconsistent judicial determinations on the same claims." Dkt. 35 at 2; dkt. 24 at 12. This argument does not support dismissal, however, since *Atlantic Marine* holds that a case involving a forum-selection clause should be transferred when venue is proper. 571 U.S. at 55.

[2] Both parties make arguments relevant to the motion to transfer in their briefs on the motion to dismiss, dkts. 24, 32, 35, as well as in their briefs on the motion to transfer, dkts. 36, 38, 39. Therefore, the briefs will be cited interchangeably, when necessary.

A forum-selection clause requires district courts to adjust the § 1404(a) analysis in three ways.  First, "plaintiff's choice of forum merits no weight," and instead plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  *In re Ryze*, 968 F.3d at 708 (quoting *Atlantic Marine*, 571 U.S. at 63–64).  Second, the district court "'should not consider arguments about the parties' private interests because the parties, in contracting to a forum-selection clause, waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses."  *Id.*[3]

Here, the Plan's forum-selection clause is broad, covering "*any action* by any party *relating to*" the Plan, and when ERISA does not apply, Missouri law will control.  Dkt. 1-1 at 11 (emphasis added). Therefore, since Ms. Lobodocky's suit seeks life insurance proceeds under the Plan, it relates to the Plan and is covered by the forum selection clause.  Dkt. 1 at 22–30 (complaint alleging seven "causes of action" all concerning the payment and handling of Mr. Lobodocky's life insurance policy and Plan).

This is true regardless of Medxcel's fiduciary status or whether ERISA or common law applies.  Even if the determination of Medxcel's fiduciary status under ERISA is a "threshold" issue, that determination would relate to the

---

[3] Given that ERISA and Missouri law are designated by the choice-of-law provision to control, the third adjustment—that a change of venue "will not carry with it the original venue's choice-of-law rules"—is not relevant to this Court's transfer decision. *In re Ryze*, 968 F.3d at 701 n.13 (quoting *Atlantic Marine*, 571 U.S. at 64).

6

Plan.[4]  Ms. Lobodocky admits as much when she quotes 29 U.S.C. § 1002(21)(A), an ERISA provision that determines a fiduciary's status based in part on whether it manages, has discretionary responsibility, or renders investment advice with respect to a Plan or its assets.  Dkt. 32 at 14.  And even if ERISA does not apply, the common law tort claims (pled in the alternative) are based on Defendants' failure to provide proper information on Mr. Lobodocky's benefits and concern his "Basic Life and Supplemental Life policies." *See* dkt. 1 at 25–29 (complaint raising four tort claims, "to the extent ERISA does not apply," each dealing with how coverage and information was provided under the "Basic Life and Supplemental Life" or "Prudential policy"). On their face, these claims also "relate to" the Plan.[5]

      Though the forum selection clause does not explicitly mention Medxcel, dkt. 32 at 24; *see* dkt. 1-1 at 11, the clause covers "any party," dkt. 1-1 at 11, and Medxcel has not disputed it is a proper defendant in the Missouri Action based on the forum selection clause, *see, e.g., Lobodocky v. Medxcel*, 4:23-cv-591, dkt. 44 at 2 (E.D. Mo. May 5, 2023) (Missouri Action).  Ms. Lobodocky's case should not remain in this Court based on the hypothetical situation where

---

[4] The Court does not consider whether Medxcel was acting as a Plan fiduciary or whether this will be a threshold matter for the district court to consider.  At the motion to transfer stage, what matters is that any fiduciary status determination relates to the Plan and thus is not a reason to ignore the forum selection clause.

[5] Ms. Lobodocky's lengthy briefing on this topic, dkt. 32 at 13–16, 19–29, does not alter this analysis because, at bottom, the "relate to" language in the Plan is sufficiently broad to warrant transfer.

7

ERISA does not apply and the tort claims are deemed to not "relate to" the Plan.

Defendants' litigation tactics in the Missouri Action, including filing motions to dismiss, do not alter this analysis. Dkt. 32 at 17. The forum selection clause's language would still apply to this case regardless of how those motions are resolved. Also, Medxcel has consented to personal jurisdiction in the Missouri Action by filing a motion to dismiss and answer without asserting lack of personal jurisdiction, so that too is not a reason to avoid transfer. Dkt. 32 at 4; dkt. 35 at 5; *see* Missouri Action at dkts. 1, 48, 49, 50; Fed. R. Civ. P. 12(h) (noting a party waives a lack of personal jurisdiction defense by failing to include it in a responsive pleading).

Ms. Lobodocky fails to show why transfer is inappropriate under § 1404(a). She mentions just one § 1404(a) factor—the location of witnesses in Indianapolis—which is irrelevant here. Dkt. 32 at 29–30; *see Atlantic Marine*, 571 U.S. at 64 (noting that "private interest factors" like the location of witnesses "weigh entirely in favor of the preselected forum"). Ms. Lobodocky does not weigh any relevant § 1404(a) factors even though she "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atlantic Marine*, 571 U.S. at 63. Ms. Lobodocky makes no other argument that transfer would be contrary to the interests of justice under § 1404(a) and indeed "[i]n all but the most unusual cases . . . the interest of justice is served by holding parties to their bargain" with a forum selection clause. *Atlantic Marine*, 571 U.S. at 66.

8

Last, Ms. Lobodocky argues that this case is a "most unusual" one and therefore shouldn't be transferred.  Dkt. 38 at 3–4 (citing *Atlantic Marine*, 571 U.S. at 66).  But the only "unusual" thing about this case is whether Medxcel, as the primarily responsible party, should be sued under ERSIA or common law.  Dkt. 38 at 3–4.  Judges in the Eastern District of Missouri are equally capable as this Court is to resolve this issue, and as discussed above, the broad forum selection clause is applicable and controls.[6]  Therefore, the motion to transfer venue is **granted**.

### IV.
### Conclusion

The motion to transfer venue is **granted**.  Dkt. [36].  The motion to dismiss under Rule 12(b)(3) is **denied**.  Dkt. [23].  The clerk **SHALL TRANSFER** this case to the Eastern District of Missouri, St. Louis division and close this case on the docket.

**SO ORDERED.**

Date: 5/22/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[6] Ms. Lobodocky argues that Defendants agree this case is unusual because Defendants' brief said this case has a "unique set of facts." *See* dkt. 36 at 2; dkt. 38 at 3. But this quote is taken out of context, and there is no indication Defendants agree this case is sufficiently "unusual" under *Atlantic Marine*.  Defendants were referring to Plaintiff's litigation strategy of filing two identical lawsuits—one inside and one outside of the pre-selected venue—as being unique, dkt. 36 at 2, and they have requested it be transferred.

9